**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000785
13-FEB-2013
08:39 AM**

NO. CAAP-11-0000785

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SONNY ATTAGUILE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-11-000602)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Sonny Attaguile (Attaguile) appeals from the Notices of Entry of Judgment and/or Order, entered on September 30, 2011 in the District Court of the Second Circuit, Wailuku Division (District Court).[1]

Attaguile was found guilty of Driving Without a License, in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007 and Supp. 2012) and No Motor Vehicle Insurance, in violation of HRS § 431:10C-104(a) (2005 and Supp. 2012).

On appeal, Attaguile contends there was insufficient evidence to support his convictions because the State did not adduce substantial evidence to establish that Attaguile was the

---

[1] The Honorable Blaine J. Kobayashi presided.

same person stopped and cited on January 4, 2011 for Driving Without a License and No Motor Vehicle insurance. Attaguile also claims that the State failed to adduce substantial evidence to negate Attaguile's defense, pursuant to HRS § 431:10C-117(a)(4) (2005 and Supp. 2012), that he was an operator of a borrowed motor vehicle and had a reasonable belief that the subject vehicle was insured. Lastly, Attaguile argues that the State failed to adduce substantial evidence that he acted with the requisite state of mind in order to convict him of No Motor Vehicle Insurance.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Attaguile's points of error as follows:

(1)  When the evidence adduced at trial is considered in the strongest light for the prosecution, there was substantial evidence that Attaguile was the person cited by Officer Travis Abarra (Officer Abarra) on January 4, 2011 for Driving Without a License and No Motor Vehicle Insurance. Officer Abarra identified Attaguile at trial as the driver of a vehicle he stopped and issued citations to on January 4, 2011. Moreover, the last four digits of Attaguile's social security number and his date of birth matched information that was provided to Officer Abarra by the driver of the vehicle stopped on January 4, 2011. "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

(2)  The State was not required to adduce substantial evidence to negate a defense that Attaguile had a reasonable belief that the vehicle he was driving was insured. The State had no obligation to negate such a defense until some evidence

was presented that Attaguile was an "operator of a borrowed motor vehicle" and that he held a reasonable belief that the subject vehicle was insured. State v. Bolosan, 78 Hawai'i 86, 89, 890 P.2d 673, 676 (1995). See also, State v. Lee, 90 Hawai'i 130, 139-40, 976 P.2d 444, 453-54 (1999) (prosecution need not disprove self insurance unless some evidence of that defense has been introduced).

At trial, Attaguile did state that he was not aware whether the subject vehicle, which he claimed belonged to his brother, was insured. However, Attaguile denied that he was driving the subject vehicle, denied that he was the person who was stopped by Officer Abarra, denied that he ever drove the subject vehicle, and stated that he was at home at the time of the incident. Attaguile did not produce any evidence that he was an "operator of a borrowed vehicle" because he denied operating a vehicle on that day and denied that he ever drove the subject vehicle. Therefore, the State was not required to negate the defense under HRS § 431:10C-117(a)(4).

(3)  The State adduced substantial evidence that Attaguile acted with the requisite state of mind to convict him of No Motor Vehicle Insurance. Attaguile failed to produce an insurance card and admitted that he did not have no-fault insurance on January 4, 2011. This evidence alone was sufficient to establish that Attaguile and the vehicle were uninsured. Id. at 135, 976 P.2d at 449.

> Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

Id. at 140, 976 P.2d at 454 (citation and some brackets omitted). In the absence of any evidence implicating the "good faith borrower" defense, the District Court could reasonably have inferred from the fact that Attaguile drove the vehicle without

insurance that he did so either intentionally, knowingly, or recklessly. Id.

THEREFORE,

IT IS HEREBY ORDERED that the Notices of Entry of Judgment and/or Order, entered on September 30, 2011 in the District Court of the Second Circuit, Wailuku Division are affirmed.

DATED: Honolulu, Hawai'i, February 13, 2013.

On the briefs:

Trisha Y. Nakamura,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge